UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Betty Young )<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>LVNV Funding, LLC )<br>    *Defendant* )<br>Serve: )<br>    Corporation Service Company )<br>    2711 Centerville Road, Suite 400 )<br>    Wilmington, DE 19808 )<br>)<br>Midland Funding, LLC )<br>    *Defendant* )<br>Serve: )<br>    CSC-Lawyer's Incorporating )<br>        Service Company )<br>    421 W. Main )<br>    Frankfort, KY 40601 )<br>) | Case No. 3:14-cv-222-H |

## **COMPLAINT**

**INTRODUCTION**

    1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

    2.    Defendants LVNV Funding, LLC and Midland Funding, LLC attempted to collect interest or fees from Plaintiff Betty Young that they have no legal right to recover. In particular, LVNV and Midland are reporting false information concerning Ms. Young to consumer reporting agencies. This false information includes interest and fees to which neither LVNV nor Midland has no right to recover. These and other acts by LVNV and Midland violate the FDCPA.

**JURISDICTION**

    3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

4. Plaintiff Betty Young is a natural person who resides in Jefferson County, Ky. Ms. Young is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant, LVNV Funding, LLC, is a foreign limited liability company, which has not registered with the Kentucky Secretary of State. LVNV is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187.

6. LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

7. Defendant, Midland Funding, LLC, is a foreign limited liability company, which has registered with the Kentucky Secretary of State. Midland is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. Midland's principal place of business is located at 3111 Camino del Rio North, Suite 1300, San Diego, CA 92108.

8. Midland regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

### I.  Facts Related to LVNV Funding, LLC

9. Ms. Young applied for and received a credit card account with Citibank South Dakota, N.A. in November 2007.

10. Ms. Young's credit card account with Citbank South Dakota, N.A. was used to purchase goods and services used only for personal, family or household purposes, which makes the Citibank South Dakota, N.A. debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

11. Ms. Young fell behind on her payments on the Citibank debt, and the last payment was credited to her account on February 5, 2009.

12. Citibank "charged off" Ms. Young's account as bad debt on August 16, 2009. The amount of the debt on that date was $1,589.32.

14. On March 28, 2011, Citibank sold Ms. Young's debt to LVNV Funding, LLC.

15. Upon information and belief, $1,589.32 was still the amount due on Ms. Young's Citibank's debt on the date of sale to LVNV.

16. Upon information and belief, LVNV had no legal right to charge and accrue interest on Ms. Young's Citibank debt.

17. On September 30, 2013, Ms. Young requested and reviewed a copy of her credit report from Experian Information Solutions, Inc.

18. LVNV furnished negative information concerning Ms. Young in connection with the Citibank debt to one or more consumer reporting agencies in an attempt to collect a debt from her within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

19. LVNV is reporting that the current balance due on the debt is $2,105.00 as of September 2013, which is $516.00 more than the amount of the debt at the time it was charged off by Citibank.

20. So LVNV charged and accrued $516.00 in interest on the amount of Ms. Young's Citibank debt as reported in Ms. Young's September Experian credit report.

21. Assuming a reporting date of September 15, 2013 on Ms. Young's Experian credit report, there are 902 days between the date that LVNV acquired Ms. Young's Citibank debt on March 28, 2011 and the reporting date on Ms. Young's Experian credit report.

22. So LVNV accrued interest on Ms. Young's debt at a rate of $0.57 per day ($516.00/902 days), or $208.80 per annum ($0.57 x 365 days).

23. This means that, as reported on Ms. Young's Experian credit report, LVNV accrued interest on Ms. Young's Citibank debt at annual rate of more than 13% per annum $208.80/$1,589.32.

24. LVNV has no statutory right to charge interest on Ms. Young's Citibank debt at over 13% per annum. Cavalry has no contractual right to charge interest at over 13% per annum.

**II.     Facts Related to Midland Funding, LLC**

25. Ms. Young applied for and received a credit card account with Chase Bank USA, N.A. in November 2008.

26. Ms. Young's credit card account with Chase Bank USA, N.A. was used to purchase goods and services used only for personal, family or household purposes, which makes the Chase debt a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

27. Chase charged off Ms. Young's account as bad debt on September 2009. The amount due on the debt at that time was $2,257.00.

28. Midland purchased Ms. Young's account from Chase on some date subsequent to the date of charge-off by Chase.

29. Upon information and belief, $2,257.00 was still the amount due on Ms. Young's Chase credit card debt.

30. On September 30, 2013, Ms. Young requested and reviewed a copy of her credit report from Experian Information Solutions, Inc.

31. Midland is reporting negative information concerning Ms. Young in connection with the Chase credit card debt.

32. Midland is reporting that the current balance due on the Chase debt is $3,195.00 as of September 2013, or $938.00 more than the original amount of the debt.

33. The additional amount of $938.00 reported by Midland on Ms. Young's credit report equates to interest accruing at a rate of over 10% on the original amount of $2,257.00 in the four years from September, 2009, the date of charge-off by Chase, to the date it reported the amount of $3,195.00 to Experian.

34. Upon information and belief, Midland has neither a contractual nor a statutory right to charge interest or fees on Ms. Young's account.

35. Midland reported negative information on Ms. Young's Experian credit report for purposes of collecting a debt from her. ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'" *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002)).

### Claims for Relief: Violations of the Fair Debt Collection Practices Act

**I.    Claims against LVNV Funding, LLC**

36. The foregoing acts and omissions of LVNV Funding, LLC constitute violations of the FDCPA, including, but not limited to:

    a. Violation of 15 U.S.C. §1692e(2)(A): LVNV falsely represented the amount owed on the Citibank South Dakota, N.A. credit card debt by adding interest or fees to the debt that LVNV had no legal right to collect from Ms. Young;

    b. Violation of 15 U.S.C. §1692e(5): LVNV attempted to collect interest on the Citibank South Dakota, N.A. credit card debt that LVNV had no legal right to collect from Ms. Young thereby threatening to take an action that cannot legally be taken;

    **c.** Violation of 15 U.S.C. §1692e(8): LVNV reported false credit information to one or more consumer reporting agencies concerning the Citibank South Dakota, N.A. credit card debt by adding interest to the debt that LVNV knew or should have known that it had no legal right to collect from Ms. Young;

    **d.** Violation of 15 U.S.C. §1692e(10): LVNV falsely represented the amount owed on the Citibank South Dakota, N.A. credit card debt by adding interest or fees to the debts that LVNV had no legal right to collect from Ms. Young; and

    **e.** Violation of 15 U.S.C. § 1692f(1): LVNV attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to attempting to collect interest and/or fees on the Citibank South Dakota, N.A. credit card debt that LVNV had neither a contractual nor statutory right to collect.

## II. Claims against Midland Funding, LLC

37. The foregoing acts and omissions of Midland Funding, LLC constitute violations of the FDCPA, including, but not limited to:

    **a.** Violation of 15 U.S.C. §1692e(2)(A): Midland falsely represented the amount owed on the Chase Bank USA, N.A. credit card debt by adding interest or fees to the debts that Midland had no legal right to collect from Ms. Young;

    **b.** Violation of 15 U.S.C. §1692e(5): Midland attempted to collect interest on the Chase Bank USA, N.A. credit card debt that Midland had no legal right to collect from Ms. Young thereby threatening to take an action that cannot legally be taken;

    **c.** Violation of 15 U.S.C. §1692e(8): Midland reported false credit information to one or more consumer reporting agencies concerning the Chase Bank USA, N.A. credit card debt by adding interest to the debt that Midland knew or should have known that it had no legal right to collect from Ms. Young;

    **d.** Violation of 15 U.S.C. §1692e(10): Midland falsely represented the amount owed on the Chase Bank USA, N.A. credit card debt by adding interest or fees to the debts that Midland had no legal right to collect from Ms. Young; and

    **e.** Violation of 15 U.S.C. § 1692f(1): Midland attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to attempting to collect interest and/or fees on the Chase Bank USA, N.A. credit card debt that Midland had neither a contractual nor statutory right to collect.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BettyYoung requests that the Court grant the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff statutory damages;

3. Award Plaintiff reasonable attorney's fees and costs; and

4. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyclc.com